**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENE L. BUSHER,<br><br>     Plaintiff,<br>v.<br><br>DESMOND T. BARRY, JR., THOMAS F. EGAN, JOHN P. HEANUE, WILLIAM M. KELLY, FRANCIS P. BARRON, and WINGED FOOT GOLF CLUB, INC.,<br><br>     Defendants.<br><br>WINGED FOOT HOLDING CORPORATION,<br><br>     Nominal Defendant. | 14 Civ. 4322 (NSR)<br><br>ECF Filed |

## INITIAL REPORT OF PARTIES
## BEFORE PRETRIAL CONFERENCE

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Standing Order M10-468, In re: Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (the "Pilot Project Standing Order", ECF Doc. No. 3 in this action), and the Court's Notice of Court Conference (ECF Doc. No. 14) as amended by the Endorsed Letter dated 9/22/14 (ECF Doc. No. 17), the parties met and conferred through their undersigned counsel in telephone conferences held on September 17 and 25, 2014, and October 7 and 8, 2014, and now jointly submit the following Initial Report under I.A. of the Pilot Project Standing Order.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/2014

I. **The Parties' Positions on Applicable Topics of the Initial Pretrial Conference Checklist.**

   1. **Possible limitations on document preservation (including electronically stored information)**

   The Parties do not envision any need for exceptional document preservation limitations.

   2. **Appropriateness of initial disclosures pursuant to Rule 26(a)(1)**

      a. **Is there some readily identifiable document or category of documents that should be produced immediately in lieu of initial disclosures?**

   The Parties know of no documents that could readily be produced in lieu of initial disclosures, and therefore exchanged disclosures pursuant to Rule 26(a)(1) on Tuesday, October 7, 2014.

   3. **Possibility of a stay or limitation of discovery pending a dispositive motion**

   *__Plaintiff's position:__*

   Plaintiff's position is that all dispositive motions should be submitted after the completion of fact and expert discovery. There are no compelling reasons or circumstances to depart from this norm. Plaintiff opposes Defendants' proposal below to make a potentially dispositive motion in the midst of discovery, limit the discovery which Plaintiff may take in advance of the motion, and stay any further discovery during the motion's pendency. Defendants' proposal should be rejected for the following reasons:

   *First*, Defendants seek to evade the clearly applicable Rule of Practice that requires a party who seeks to make a motion to first submit a pre-motion letter setting forth the basis of the anticipated motion. *See* Pilot Project Standing Order, III.A.2.; *cf.* this Court's Individual Practices, 3.A.ii. Instead, Defendants unreasonably request this Court to order a discovery schedule that is largely dependent upon a wholly unarticulated motion.

   *Second*, Defendants seek to improperly limit Plaintiff's discovery without explanation or justification. While Defendants appear to agree that there should be full and complete document

discovery, they seek to prevent full deposition discovery until their motion is decided, suggesting that they have something to hide by having all appropriate witnesses deposed.

*Third*, Defendants seek to make multiple dispositive motions serially, when each side should be limited to a single opportunity to make a motion for summary judgment or other dispositive motion, after the completion of discovery. Courts in this District limit the filing of multiple motions for summary judgment. *See Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552 (S.D.N.Y. 2004).

### *Defendants' position:*

Defendants anticipate making a potentially dispositive motion on the basis of laches, estoppel, and potentially other threshold issues which would be timed after completion of document discovery (but before deposition discovery begins) and/or after limited deposition discovery relevant to the motion ("Initial Dispositive Motion"). Defendants propose to file the Initial Dispositive Motion on or before Friday, April 17, 2015, and anticipate seeking a stay of discovery pending the Court's resolution of the Initial Dispositive Motion.

Based on information presently available, Defendants believe there are compelling bases for such a motion, including, for example, Plaintiff's near-thirty year delay in bringing these claims. The contemplated motion would require very little discovery because threshold defenses such as laches and estoppel do not implicate the substantive merits of Plaintiff's claims. Nevertheless, Defendants propose that the parties complete document discovery and any limited deposition discovery that may be relevant to the motion before Defendants bring the Initial Dispositive Motion. Resolution of the Initial Dispositive Motion in favor of Defendants would terminate this litigation, eliminating any need for costly merits depositions and expert discovery. As a result, Defendants believe that it would be efficient and sensible to stay discovery for a

short period of time to allow consideration of the contemplated motion and intend to seek a stay at the appropriate time.

Contrary to Plaintiff's suggestion, Defendants are under no obligation to submit a pre-motion letter at this time and propose to do so at the appropriate time pursuant to the applicable rules. *See* Pilot Project Standing Order, III.A.2. (requiring a pre-motion letter seven business days prior to a proposed pre-motion conference date); *cf.* this Court's Individual Practices, 3.A.ii. (requiring a party to submit a letter requesting a pre-motion conference). At this time, consistent with the Initial Pretrial Conference Checklist's mandate to discuss the "[p]ossibility of a stay or limitation of discovery pending a dispositive motion," Defendants state their intention to file such a motion and submit that a stay during the court's consideration of the motion would be prudent. Pilot Project Standing Order, Ex. A, no. 3. This Court has broad discretion to manage this litigation in an efficient manner, including by allowing an Initial Dispositive Motion on threshold issues with the potential to dispose of the entire case without prejudice to Defendants' ability to move for summary judgment on the substantive merits of Plaintiff's claims at the conclusion of discovery if the Initial Dispositive Motion is not granted. *See generally* Pilot Project Standing Order.

**4.    Possibility of communication/coordination between the Magistrate Judge and District Judge with respect to pretrial matters**

The Parties understand that there is likely to be communication between the Magistrate Judge and the District Judge regarding pre-trial communications but otherwise have no comment.

**5.    Preliminary issues that are likely to arise that will require court intervention**

Defendants believe that Plaintiff is not entitled to a trial by jury as demanded, and expect to make an appropriate motion on the subject.

6. **Discovery issues that are envisioned and how discovery disputes will be resolved**

The Parties agree to abide by the discovery procedures set forth in Section II of the Pilot Project Standing Order. The Parties do not presently foresee any particular discovery disputes, and see no need for exceptional procedures to resolve discovery disputes.

7. **Proposed discovery including:**

   **a. limitations on types of discovery beyond those in the Rules (i.e., waiver of interrogatories, requests for admission, expert depositions)**

The parties do not anticipate a need to limit discovery beyond those in the Rules.

The parties consent to each side taking up to fifteen depositions. Each party reserves the right to seek consent from the other party or leave of court to take additional depositions, and to object to such a request from the other side.

   **b. limitations on scope of discovery**

The Parties do not presently foresee the need for any exceptional limitations.

   **c. limitations on timing and sequence of discovery**

The Parties do not presently foresee the need for any exceptional limitations.

   **d. limitations on restoration of electronically-stored information**

The Parties anticipate that document discovery will comprise the production, primarily by the Defendants, of approximately five thousand documents. The Parties expect that electronically-stored information will comprise only a small fraction of document discovery, and will not raise any electronic discovery issues of significance. The parties therefore propose to forego detailed electronic discovery submissions and agreements, and to reach a simpler agreement instead to carry out required electronic discovery on a similar basis to discovery of paper documents.

> e. agreement to allow depositions of trial witnesses named if not already deposed

The Parties believe this topic is premature until the action is more advanced.

> f. preservation depositions

None anticipated.

> g. foreign discovery and issues anticipated

None anticipated.

8. Schedule (as appropriate and possibly excluding public agency cases) including:

> a. date(s) for completion of discovery

### *Plaintiff's position:*

Plaintiff proposes to complete all fact discovery, including interrogatories, document production and depositions, by Wednesday, September 30, 2015, for the reasons set forth above under section I. 3.

### *Defendants' position:*

Defendants propose to complete fact discovery 180 days after the Court's decision on the Initial Dispositive Motion.

> b. date(s) for dispositive motions

### *Plaintiff's position:*

Dates for any and all dispositive motions made by either or both parties should be determined after the close of discovery, for the reasons set forth above under section I. 3.

### *Defendants' position:*

Defendants anticipate making the Initial Dispositive Motion discussed in item 3 above on April 17, 2015. Dates for any dispositive motions by either or both parties after the close of discovery should be determined after the close of discovery.

c. **date(s) for exchange for expert reports**

*Plaintiff's position:*

Plaintiff proposes to identify experts on Monday, August 31, 2015; to exchange expert reports on Friday, October 30, 2015; to exchange rebuttal reports on Monday, November 30, 2015; and to complete expert discovery (including depositions) by Friday, January 29, 2016 for the reasons set forth above under section I. 3.

*Defendants' position:*

Defendants propose to identify experts 150 days after the Court's decision on the Initial Dispositive Motion; to exchange expert reports 60 days after the parties' identification of experts; to exchange rebuttal reports 30 days after the parties' exchange of expert reports; and to complete expert discovery (including depositions) 30 days after the parties' exchange of rebuttal reports.

d. **date(s) for exchange of witness lists**

To be determined.

e. **date (s) for Joint Preliminary Trial Reports and Final Joint Trial Reports**

To be determined.

f. **date for Case Management Conference**

To be determined.

9. **Issues to be tried**
   a. **ways in which issues can be narrowed to make trial more meaningful and efficient**
   b. **whether there are certain issues as to which a mini-trial would be helpful**

The Parties believe this topic is premature until the action is more advanced.

10.  **Bifurcation**

The Parties do not presently foresee any need for bifurcation of the liability and damages stages of a trial.

11.  **Class certification issues**

This topic is inapplicable.

12.  **ADR/mediation**

The Parties believe that settlement discussions or mediation before the completion of document discovery would be premature.

13.  **Possibility of consent to trial before a Magistrate Judge**

The Parties do not consent to trial before a Magistrate Judge. Judith C. McCarthy.

14.  **Pleadings, including sufficiency and amendments, and the likelihood and timing of amendments**

Plaintiff proposes to defer this topic until after, or near the end of, fact discovery.

15.  **Joinder of additional parties, and the likelihood and timing of joinder of additional parties**

Plaintiff proposes to defer this topic until after, or near the end of, fact discovery.

16.  **Expert witnesses (including necessity or waiver of expert depositions)**

Plaintiff expects to submit at least three expert reports, or more depending upon Defendants' submissions. Defendants expect to submit at least one expert report. The Parties therefore propose to identify their experts near the close of fact discovery, and to engage in expert discovery after the completion of fact discovery, including the exchange of expert reports and rebuttal reports, followed by expert depositions.

17.  **Damages (computation issues and timing of damages discovery)**

The Parties will discuss this topic further after it is addressed in Plaintiff's initial disclosures.

18. **Final pretrial order (including possibility of waiver of order)**

The Parties believe this topic is premature until the action is more advanced.

19. **Possible trial-ready date**

The Parties believe this topic is premature until the action is more advanced.

20. **Court logistics and mechanics (e.g., communication with the court, streamlined motion practice, pre-motion conferences, etc.)**

The Parties agree to abide by the motion procedures set forth in Section III of the Pilot Project Standing Order. The Parties do not presently foresee any need for exceptional procedures.

21. **The need for additional meet and confer sessions, to continue to discuss issues raised at the initial conference among counsel.**

The Parties propose to meet and confer on discovery and scheduling matters on as-needed basis.

II. **The Parties' ~~Proposed~~ Schedule for Fact and Expert Discovery.**

~~*Plaintiff's position:*~~

~~Plaintiff proposes the following discovery deadlines, for the reasons set forth above under section I.3:~~

- Exchange initial disclosures on Tuesday, October 7, 2014;
- Complete initial document discovery by March 30, 2015
- Identify experts on Monday, August 31, 2015;
- Complete fact discovery by Wednesday, September 30, 2015;
- Exchange expert reports on Friday, October 30, 2015;
- Exchange rebuttal reports on Monday, November 30, 2015; and
- Complete expert discovery by Friday, January 29, 2016.

*[handwritten initials: JH MO?C]*

~~*Defendants' position:*~~

~~Defendants propose the following discovery deadlines:~~

- ~~Exchange initial disclosures on Tuesday, October 7, 2014;~~

- ~~Complete initial document discovery by March 30, 2015;~~

- ~~Identify experts 150 days after the Court's decision on the Initial Dispositive Motion;~~

- ~~Complete fact discovery 180 days after the Court's decision on the Initial Dispositive Motion;~~

- ~~Exchange expert reports 60 days after the parties' identification of experts;~~

- ~~Exchange rebuttal reports 30 days after the parties' exchange of expert reports; and~~

- ~~Complete expert discovery 30 days after the parties' exchange of rebuttal reports.~~

~~See items 2, 8a and 8c above.~~

III. **Whether the Parties Propose to Engage in Settlement Discussions or Mediation.**

The Parties believe that settlement discussions or mediation before the completion of document discovery would be premature.

Dated: New York, New York
October 8, 2014

By: _____
John Halebian
jhalebian@lshllp.com
Adam C. Mayes
amayes@lshllp.com
LOVELL STEWART HALEBIAN
 JACOBSON LLP
Midtown Office
420 Lexington Avenue, Suite 2440
New York, NY 10170
Tel: (212) 500-5010
Fax: (212) 208-6806

*Attorneys for Plaintiff Eugene L. Busher*

_____
Maeve L. O'Connor
mloconnor@debevoise.com
Kaitlin T. Farrell
ktfarrell@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

*Attorneys for Defendants Desmond T. Barry, Jr., Thomas F. Egan, John P. Heanue, William M. Kelly, Francis P. Barron, and Winged Foot Golf Club, Inc.*

Case Management Conference is scheduled for Feb. 11, 2016 at 10:00am.

Dated: Oct. 15, 2014
White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE