UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EUGENE L. BUSHER,

                Plaintiff,

  -against-

DESMOND T. BARRY, JR.,
THOMAS F. EGAN, JOHN P. HEANUE,
WILLIAM M. KELLY, FRANCIS P. BARRON,
and WINGED FOOT GOLF CLUB, INC.,

                Defendants,

WINGED FOOT HOLDING CORPORATION,

                Nominal Defendant.
-------------------------------------------------------------X

14-cv-4322 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      Defendants Desmond T. Barry, Jr., Thomas F. Egan, John P. Heanue, William M. Kelly, Francis P. Barron, and Winged Foot Golf Club, Inc. (collectively, "Defendants") move for reconsideration of this Court's Opinion and Order of March 29, 2016, which denied Defendants' Motion for Summary Judgment and declined to apply laches to bar Plaintiff's claims. (ECF No. 61 or the "March Opinion".) Familiarity with the March Opinion is assumed.

I.     **Legal Standard**

      Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict. *Targum v. Citrin Cooperman & Company, LLP*, 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court[.]" *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/2016

motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a 'second bite at the apple . . . .'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'") (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.)). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

**II.    Discussion**

Defendants move for reconsideration of the March Opinion on the basis that the Court mistakenly relied on federal law in its laches analysis. (Memorandum of Law in Support of Defendants' Motion for Reconsideration and Reargument of their Motion for Summary Judgment ("Defs.' Memo"), ECF No. 63, at 2.) Defendants contend that the Court erred in ruling that "federal law *bars* a laches defense when a claim is brought within the statute of limitations period, [but] New York law expressly *permits* a laches defense to defeat a claim brought within the limitations period." (Defs.' Memo at 1.) This assertion grossly misstates the Court's opinion.

2

Specifically, the Court explained that "when a limitation on the period for bringing suit has been set by statute, laches will *generally not be invoked* to shorten the statutory period." *Busher v. Barry*, No. 14-CV-4322 (NSR), 2016 WL 1249612, at *5 (S.D.N.Y. Mar. 28, 2016) (emphasis added). At no point did this Court hold, nor does the law require, that an unexpired statute of limitations *bars* a laches defense. The Court merely stated that it would proceed with caution in permitting a laches defense to defeat a suit where that suit is statutorily timely. Though this restraint is recognized in federal law, which was cited by the Court (*see Ikelionwu v. U.S.,* 150 F. 3d 233, 238 (2d Cir. 1998)), under state law, the Court is free to consider and apply other factors in the interest of justice when considering a laches defense. *See, e.g.*, *Application of Sweeney*, 1 Misc. 2d 125, 130, 147 N.Y.S.2d 612, 617 (Sup. Ct. 1955) ("The question of laches is discretionary with the court and in the interest of justice in this case my discretion will be exercised in favor of the petitioner."). *See also Forstmann v. Joray Holding Co.,* 244 N.Y. 22, 32, 154 N.E. 652, 655 (1926) (defining "the equities" to be considered on an equitable claim to include "all the facts and circumstances which help to show what is just and right between the parties"); 55 N.Y. Jur. 2d Equity § 17 ("Laches, as an issue, is addressed to the sound discretion of the trial court, which should be reluctant to invoke it to defeat justice"). Whether a claim was brought within an applicable statute of limitations is one factor that the Court may and did consider in barring the laches defense in the instant action.

Moreover, the burden is on the Defendants to prove laches. *Allison v. New York City Landmarks Pres. Comm'n*, 35 Misc. 3d 500, 512 (Sup. Ct. 2011) (citing *Dreikausen v. Zoning Bd. of Appeals of City of Long Beach,* 98 N.Y.2d 165, 173 n. 4 (2002); C.P.L.R. § 3018(b); *Rosenthal v. City of New York,* 283 A.D.2d 156, 161, 725 N.Y.S.2d 20 (1st Dep't 2001); *Stassa v. Stassa,* 73 A.D.3d 1157, 1158, 902 N.Y.S.2d 591 (2d Dep't 2010); *Estate of Claydon v. Ehring,*

3

65 A.D.3d 723, 724–25, 883 N.Y.S.2d 805 (3d Dep't 2009)). On a motion for summary judgment, Defendants are therefore required to show that no issue of material fact exists as to the laches defense. As New York courts have consistently held—and as this Court held in its March Opinion—where there are issues of fact as to the defense of laches, summary judgment is inappropriate. *Calabro v. Fleishell*, 48 A.D.3d 206, 207, 851 N.Y.S.2d 155, 156 (1st Dep't 2008); *Menorah Nursing Home, Inc. v. Zukov*, 153 A.D.2d 13, 21, 548 N.Y.S.2d 702, 708 (2d Dep't 1989) ("assuming that a defense of laches is available at all, we find that issues of fact as to when [third-party Plaintiff] should have known of its right of action, and as to whether [third-party Defendant] has been prejudiced by any delay, preclude the issuance of summary judgment on that basis"); *Augustine v. Szwed*, 77 A.D.2d 298, 432 N.Y.S.2d 962 (4th Dep't 1980) (precluding summary judgment where material issues of fact existed on the issues of the defense of laches); *Nassau Recycle Corp. v. City of New York*, 59 A.D.2d 763, 398 N.Y.S.2d 713 (2d Dep't 1977) ("there were issues of fact as to defense of laches and therefore petition should not have been summarily granted, since respondent was entitled to trial on that issue"). Given that issues of fact exist as to whether the action is timely, the Court held that it would be inappropriate to apply laches. *See Busher v. Barry*, 2016 WL 1249612, at *5.

Even setting aside the issue of whether the action was brought within the applicable statute of limitations, additional questions of material fact exist as to the laches defense. Specifically, "preaction laches is not available to [] defendants [where] their own conduct [misled Plaintiff] into inaction." *Goodfarb*, 76 A.D.2d at 571. *See also Cent. Sch. Dist. No. 12, Middle Island, Town of Brookhaven, Suffolk Cty. v. Middle Island Teachers Ass'n,* No. 74-5384, 1974 WL 21631, at *1 (N.Y. Sup. Ct. Nov. 18, 1974) (laches is excused "where the defendant remains silent and fails to disclose facts which he is under an obligation to disclose without

4

inquiry, or where a plaintiff has suspicions, but they are lulled by explanations by the defendant.") Plaintiff has submitted enough evidence to create an issue of material fact as to whether Defendants intentionally misled shareholders and carried out a fraudulent scheme in which Defendants would (1) convince shareholders their shares were not worth much because Winged Foot Holding Corporation was always considered a non-profit in order to (2) justify the transfer restrictions and encourage shareholders to sell shares back to the Club so that (3) the Club could gain control of Winged Foot Holding Corporation and approve its past illegal acts. (Declaration of Adam C. Mayes in Opposition to Defendants' Motion for Summary Judgment, ECF No. 46, Ex. 17, at 1863, 1865-66; Ex. 19, at 3-5, 7-8; Exs. 22-26; Ex. 30.) *See also Goodfarb*, 76 A.D.2d at 572 ("the rule of laches is never applied in favor of the perpetrator of a carefully designed and studied scheme of fraud") (internal citation omitted).

Finally, Defendants argue that "[u]nder governing New York law, laches applies to bar Plaintiff's suit so long as there is no factual dispute that Plaintiff was on inquiry notice and that Plaintiff's delay prejudiced the defense of the claims alleged." (Defs.' Memo at 3.) Not so. As Defendants explicitly recognize, the application of laches is discretionary. *See Goodfarb v. Freedman,* 76 A.D.2d 565, 572-73 (2d Dep't 1980); 55 N.Y. Jur. 2d Equity § 17. While the Court *may* apply laches to bar a suit where prejudicial delay exists, a court is not required to do so. Balancing the equities in light of the issues of material fact noted above, the Court held—and still holds—that fairness and the interests of justice require it to exercise its discretion and decline to apply laches to Plaintiff's claim at this juncture.

## III. Conclusion

For the foregoing reasons, the Court DENIES Defendants' motion for reconsideration of the March Opinion. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 63.

Dated: May 10, 2016  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge