UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MEREDITH and ELLEN BUSHER, *as co-personal*
*representatives of the Estate of Eugene L. Busher*,

           Plaintiffs,

  -against-

DESMOND T. BARRY, JR.,
THOMAS F. EGAN, JOHN P. HEANUE,
WILLIAM M. KELLY, FRANCIS P. BARRON,
and WINGED FOOT GOLF CLUB, INC.,

           Defendants,

WINGED FOOT HOLDING CORPORATION,

           Nominal Defendant.
----------------------------------------------------------------X

14-cv-4322 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

      Plaintiffs Meredith and Ellen Busher, as co-personal representatives of the Estate of Eugene L. Busher, bring this derivative action against Defendants Desmond T. Barry, Jr., Thomas F. Egan, John P. Heanue, William M. Kelly, Francis P. Barron ("Director Defendants"), Winged Foot Golf Club, Inc. (the "Club"), and, nominally, Winged Foot Holding Corporation ("WFHC") (collectively, "Defendants"). Plaintiffs allege violations of New York Business Corporation Law § 720 ("§ 720"), breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and unjust enrichment. They seek dissolution of WFHC, monetary damages to be proved at trial, permanent and mandatory injunctions, and repayment to WFHC of the amounts by which the Club has been unjustly enriched.

      On March 12, 2019, the Court issued an Opinion and Order disposing of Plaintiffs' motions to strike certain affirmative defenses, (ECF No. 200), and for partial summary judgment,

(ECF No. 193), and Defendants' cross-motion for summary judgment, (ECF No. 189). In its Opinion, the Court found that a six-year statute of limitations applies to Plaintiffs' claims. *Busher v. Barry*, No. 14-CV-4322(NSR), Docket 227, at 8, 13 (S.D.N.Y. Mar. 12, 2019). Accordingly, only those claims occurring after June 16, 2008, six years before this action was initiated on June 16, 2014, remain actionable. As the Court discussed in its Opinion, the only event giving rise to any cause of action within the statutory period is the 2013 renewal of the 1947 lease. *Id.* at 13. The Court also found that there were genuine issues of material fact as to whether Plaintiffs had knowledge or a reasonable opportunity to object to the lease extension, and whether Defendants breached their fiduciary duties by participating in the 2013 lease renewal.

The Court is in receipt of letters from the parties indicating a disagreement as to the scope of Plaintiffs' remaining claims after the Court's March 12, 2019, Opinion and Order. (ECF Nos. 239, 241.) Based on the parties' correspondence with the Court, it appears Plaintiffs believe that certain claims premised on Defendants' conduct prior to June 16, 2008, remain actionable, and that Plaintiffs may present arguments at trial in this regard. In light of the foregoing, clarification of the effect of the Court's Opinion and Order on the claims in this case seems to be warranted.

"Statutes of limitations are not simply technicalities." *Board of Regents v. Tomanio*, 446 U.S. 478, 487 (1980). Rather, "they have long been respected as fundamental to a well-ordered judicial system." *Id.* If unchecked by a statute of limitations, litigants could reach to the beginning of time for facts to support a claim. There are situations which warrant tolling of a statute of limitations, such as the fraud discovery rule or equitable estoppel, but tolling was not warranted here. *Busher v. Barry*, No. 14-CV-4322(NSR), Docket 227, at 9 – 12 (S.D.N.Y. Mar. 12, 2019).

Although Plaintiff's Amended Complaint, (ECF No. 165), presents facts occurring outside of the statute of limitations, the Court, in its March 12, 2019, Opinion, has determined that any claims arising from events preceding June 16, 2008, are barred. The Court will not permit the parties to relitigate that issue. Some of Plaintiffs' allegations are as distant as a century ago, surrounding the formation of the Club and WFHC in 1921. Since that time, televisions gained a place of prominence in America's living rooms, Neil Armstrong walked on the moon, and cellphones became a part of everyday life. More relevantly, laws have changed, multiple generations of the Board of WFHC have risen to their positions and stepped down, and the shares in WFHC currently held by Plaintiffs passed through several different owners. To allow the parties to litigate matters occurring outside of the statute of limitations, even those less remote than the formation of WFHC and the Club or the effectuation of the lease as amended in 1947, would require the Court to decipher law as it evolved over decades and determine how that law relates to current law and the 2013 lease extension. A jury would be presented with an even more arduous task. Jurors would have to somehow determine the weight to be applied to scattershot and sometimes difficult-to-verify facts spanning from 1921 through the 2010s. The result is the sort of temporal rigamarole that is precisely what statutes of limitations are intended to prevent. *See Kohn v. Royall, Koegel & Wells*, 496 F.2d 1094, 1096 (2d Cir. 1974) (noting that the policy behind statutes of limitations is to "bar stale claims").

The Court is aware that instances outside of the statutory period were discussed in its March 12, 2019, Opinion. However, the Court considered pre-statutory occurrences only to determine whether the relevant statute of limitations should be tolled. *Busher v. Barry*, No. 14-CV-4322(NSR), Docket 227, at 9–13 (S.D.N.Y. Mar. 12, 2019). The remaining references to events before June 16, 2008, were only discussed for purposes of deciding the motions for

3

summary judgment and not dispositive to the motions. The Court's denial of summary judgment as to Defendants' acquiescence, ratification, and waiver defenses was focused on the 2013 lease extension; the Court held that "a reasonable jury could conclude that . . . Plaintiffs . . . had no knowledge of the [2013] lease extension when it occurred." *Id.* at 14. Similarly, in denying summary judgment on Plaintiff's fiduciary duty claims, the Court held that there was a genuine dispute about the purpose of WFHC *at the time of the 2013 lease extension* and whether the 2013 lease extension was part of an illegal effort to undermine the value of WFHC stock. *Id.* at 15–17. The Court considered testimony that the 2013 lease extension was granted "without concern for WFHC's minority shareholders" and other testimony implying that the 2013 lease extension was granted with the understanding that "the purpose of WFHC [was] connected to sustaining the Club." *See id.* at 16–17.

Based on the Court's March 12, 2019, Opinion and Order and the discussion above, the primary issue of fact for trial will be identifying WFHC's corporate purpose at the time of the lease extension in 2013. If a jury determines that WFHC was indeed a for-profit business at the time of the 2013 lease extension, the following issues of fact remain: (1) whether Plaintiffs failed to object to the 2013 lease extension in such a way that they can be deemed to have acquiesced, ratified, or waived their right to object to the 2013 lease extension; (2) whether Director Defendants caused the loss or waste of WFHC's assets due to neglect of, failure to perform, or another violation of their duties in connection with their entering into the 2013 lease extension; (3) whether Defendants breached their fiduciary duties to WFHC's shareholders in connection with their entering into the 2013 lease extension and whether the Club aided and abetted that breach; and (4) whether the Club was enriched at the expense of WFHC by gaining the benefit of terms of the lease extension in 2013. Whether to grant Plaintiffs' request for dissolution of

4

WFHC and whether Plaintiffs are entitled to have the 2013 lease renewal rescinded under § 720(a)(2) are questions of law.

Accordingly, as trial approaches, the Court reminds the parties that their pretrial submissions must comply with the Court's March 12, 2019, Opinion and Order. In that regard, the only relevant occurrence remaining in this action is the 2013 lease extension. Events preceding that lease extension and outside of the statutory period are not actionable. Therefore, Parties should not rely on or attempt to prove such events in their pretrial submissions or at trial.

The Clerk of the Court is respectfully directed to terminate the letter motion at ECF No. 239.

Dated: October 1, 2019
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge